# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KEITH HOUSTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) NO. 3:2009-cv-190 |
|  | ) JUDGE KIM R. GIBSON |
| ROBERT SMITH and/or MARTEN TRANSPORT, LTD, | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER OF COURT

**GIBSON, J.**

### I. SYNOPSIS

This matter comes before the Court on two motions *in limine*, a "Motion in Limine To Preclude Lay Witness Opinion or Testimony of Sewall Harris Concerning the Speed of the Marten Vehicle or that the Marten Vehicle was Traveling too Fast for Conditions" (Doc. 40) and a "Motion in Limine to Preclude Lay Witness Kirk Seifert from Offering any Conjecture Testimony Concerning the Speed at which Defendants' Vehicle was Traveling at any Time Prior to Impact" (Doc. 38) (the "Motions in Limine"), filed by the Defendants, Robert Smith and Marten Transport, Ltd. The Plaintiff, Keith Houston, opposes the Motions in Limine. Doc. 71. The testimony of each of these witnesses was videotaped during depositions, with both parties present and participating. Doc. 38 at 2; Doc. 40 at 2. For the reasons that follow, the Motions in Limine are **DENIED**.

### II. BACKGROUND

This case arises from a motor vehicle accident which occurred on the morning of February 27, 2008, on Interstate 80 in Lawrence Township, Clearfield County, Pennsylvania. Doc. 1 at 11.

Plaintiff's vehicle allegedly had become disabled in the left eastbound lane of Interstate I-80 (Doc. 1 at 11), where it was stopped at the time of the accident, and Plaintiff was standing nearby and outside of his vehicle. Doc. 1 at 12. Defendant Smith was driving a tractor trailer in the course of his employment with Defendant Marten Transport, Ltd. ("Marten") and allegedly struck the Plaintiff's stopped vehicle, which in turn struck Plaintiff. Doc. 1 at 12. Plaintiff claims several "serious and permanent injuries", as well as loss of income, medical and vehicular expenses, physical and mental anguish and suffering, and other damages. Doc. 1 at 13-14.

## III. PROCEDURAL HISTORY

Plaintiff filed this action against Defendants in the Court of Common Pleas of Clearfield County, Pennsylvania, on or about June 5, 2009. Doc. 1 at 1. Defendants removed the action to this Court on July 10, 2009. Defendants have filed several motions *in limine*, two of which are the instant Motions in Limine. Docs. 38 and 40.

## IV. JURISDICTION AND VENUE

The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Venue is proper because the Plaintiff resides in Armstrong County in the Commonwealth of Pennsylvania, the accident that is the basis of the claim occurred in Lawrence Township, Clearfield County, Pennsylvania, and the original case was filed in the Court of Common Pleas of Clearfield County, Pennsylvania.

## V. STANDARD OF REVIEW

It is well established that "'[a] federal court exercising diversity jurisdiction follows federal procedural rules.'" See *McKenna v. PSS World Med., Inc.*, 2009 U.S. Dist. LEXIS 58292 (W.D. Pa. 2009); quoting *Munich Welding, Inc. v. Great Am. Ins. Co.*, 415 F.Supp.2d 571, 574 (W.D. Pa. 2006). See also *Fleeger v. State Farm Mut. Auto. Ins. Co.*, 2009 U.S. Dist. LEXIS 20705 (W.D. Pa. 2009) ("A

federal district court exercising diversity jurisdiction applies state substantive law and federal procedural law."); citing *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000); in turn citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

In their Motions in Limine to exclude the opinions of two lay witnesses, Defendants have cited Pennsylvania State Law cases, rather than federal cases, which would be more appropriate to the question before this Court. As the Eastern District of Pennsylvania has stated, "State law of evidence is applicable in a federal district court only to the extent that the situation is not governed directly by the Federal Rules of Evidence. [*Internal citations omitted*]. Here, the Federal Rules of Evidence control and directly support the admission of this testimony." 550 F. Supp. 1220, 1223 (E.D. Pa. 1982); citing Fed. R. Evid. 101; also citing *Werner v. Upjohn Co., Inc.*, 628 F.2d 848, 856 (4th Cir. 1980), cert. denied, 449 U.S. 1080, 66 L. Ed. 2d 804, 101 S. Ct. 862 (1981).

A.  **Relevant Evidence and Admissible Evidence**

Under the Federal Rules of Evidence, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." USCS Fed Rules Evid R 401. Further, Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible", however, "[e]vidence which is not relevant is not admissible." USCS Fed Rules Evid R 402. See also *Toledo Mack Sales & Serv. v. Mack Trucks, Inc.*, 2010 U.S. App. LEXIS 13827 (3d Cir. 2010).

B.  **Evidence Which is Unfairly Prejudicial Shall Not be Admitted**

Under the Federal Rules of Evidence, Rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Thus, as the Third Circuit has summarized, "'otherwise relevant

and admissible evidence may only be excluded if the probative value of the evidence is substantially outweighed by its prejudicial effect.'" *U.S. v. Universal Rehabilitation Services (PA), Inc.*, 205 F.3d 657, 664 (3d Cir. 2000); quoted by *Chatman v. City of Johnstown*, 2005 U.S. Dist. LEXIS 27631, *16 (W.D. Pa. 2005).

### C. Opinion Evidence of Lay Witnesses

Under Federal Rule of Evidence 701, lay witnesses may testify as to opinions or inferences if they are "(a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

The Third Circuit has noted that "the expression of opinion or inferences by a lay witness is permitted because of the qualification in Rule 701(a) that the factual predicate of the testimony be within the witness's perception." *Teen-Ed, Inc. v. Kimball International, Inc.*, 620 F.2d 399, 403 (3d Cir. 1980); cited by *Ernst et. al. v. Ace Motor Sales, Inc.*, 550 F. Supp. 1220, 1223 (E.D. Pa. 1982).

Further, the opinion witness' testimony *may* include the ultimate issue to be decided by the trier of fact, *except* for issues of the mental state (*mens rea*) of the defendant:

> (a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.
> (b) No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

USCS Fed Rules Evid R 704.

As the Third Circuit has stated, "[t]he modern trend favors the admission of opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination.

4

[*internal citations* omitted]. A lay witness in a federal court proceeding is permitted under Fed.R.Evid. 701 to offer an opinion on the basis of relevant historical or narrative facts that the witness has perceived. . . . The expression of opinions or inferences by a lay witness is permitted because of the qualification in Rule 701(a) that the factual predicate of the testimony be within the witness's perception. This qualification simply reflects a recognition of the limitation embodied in Fed.R.Evid. 602, that a witness must have 'personal knowledge of the matter' in order to testify to it." *Teen-Ed, Inc. v. Kimball International, Inc.*, 620 F.2d 399, 403 (3d Cir. N.J. 1980); citing 3 J. Weinstein, Evidence P 701(02) at 701-9 and 701-17 (1978).

## VI. DISCUSSION – ARGUMENTS AGAINST AND FOR PRECLUSION OF LAY WITNESS TESTIMONY AS TO SPEED

Both witnesses Harris and Seifert have opinions as to the speed Defendant Smith was driving that are based on their perceptions in observing the accident in question. Therefore, their testimony is permissible. Given that the modern trend is to admit opinion testimony, and that the jury will have the opportunity to hear Defendants' cross-examination of these witnesses during deposition, as well as Defendants' arguments in closing, this Court holds that admission of this testimony is appropriate.

Defendants argue that Mr. Seifert's testimony is unreliable and will unfairly prejudice the jury because a) he was assisting the Plaintiff at the time the accident occurred, therefore his attention was divided between that activity and observing the oncoming vehicle driven by Mr. Smith; b) Mr. Seifert provided no detail as to how he came to his conclusions about speed; c) The Plaintiff "failed to provide sufficient background experience with moving vehicles" such that Mr. Seifert's testimony is appropriate.

Defendants argue that Mr. Harris' testimony should not be admitted because a) he did not have adequate time to observe the vehicles; b) he did not give sufficient information regarding his

background/"experience with moving vehicles"; c) he was focused on Plaintiff's disabled vehicle and efforts by Plaintiff and Mr. Seifert to get the vehicle moving again; and d) whether or not the vehicle was moving too fast is a legal conclusion properly reserved for the jury. Doc. 40 at 2-5.

As we have stated supra, federal rules of evidence apply to this question. Defendants have cited Pennsylvania state law cases, which are not applicable. However, even if federal cases had *not* established precedent for this situation, Pennsylvania state courts have admitted layperson testimony on speed of vehicles both before and after an accident, with the acknowledgement that the weight to be given to that testimony is for a jury's discretion. See *Shaffer v. Torrens*, 359 Pa. 187, 192-194 (Pa. 1948); see also *Bradley v. Donoghue*, 2005 U.S. Dist. LEXIS 4716, *11-16. Indeed, Pennsylvania state courts have even admitted the testimony of *minors* as to speed, leaving weight and credibility determinations to the jury. *Bradley v. Donoghue* at *13-16; citing *Connolly v. Bell Tel. Co.*, 83 Pa. D. & C., 342, 344-45, 101 Pitts. Leg. J. 57 (1952); also citing *Kauffman c. Carlisle Cement Prod. Co.*, 227 Pa. Super. 320, 323 A.2d 750, 753 (Pa. Super. Ct. 1974).

U.S. District Courts in Pennsylvania have also admitted layperson testimony on the speed of vehicles involved in accidents. As noted by the Middle District, "[d]eterminations of vehicular speed are traditionally the type of lay opinion which courts have admitted into evidence. . . . Even a short glance can provide a lay witness with sufficient information to make an estimate of speed. While the short time frame could raise issues of credibility, standing alone it does not render the lay witness opinion inappropriate." *Sharrow et al. v. Roy, et al.*, 2009 U.S. Dist. LEXIS 87251, *13 (M.D. Pa. 2009); citing Fed. R. Evid. 701; also citing *Bandera v. City of Quincy*, 344 F.3d 47, 54 (1st Cir. 2003).

In *Attal v. Pennsylvania Railroad Company*, a lay witness' testimony as to speed was similarly admitted and the Court noted that "the witness was in a visual position to make an estimate of the speed of the train, and . . . was qualified to estimate the speed of the train by comparison with the

speed of other motor vehicles with which he is familiar from every-day experience and knowledge." 212 F. Supp. 306, 307-308 (W.D. Pa. 1963). In the instant case, we similarly find that the witnesses were in a position to observe the speed of the Defendant's tractor trailer, and that they have experience with the speed of vehicles due to their own driving experience. In addition, as stated supra, the Defendant had the opportunity to cross examine the witnesses regarding their testimony during the videotaped depositions. Ultimately, their "credibility [is] a matter for the jury's determination." *Attal* at 307.

Further, the Defendants' concerns that the jury will "believ[e] that they must agree with Mr. Seifert's unfounded opinions and conclusions" instead of relying on their own judgment is a fear easily addressed by proper jury instructions. Defendants' counsel had the opportunity to cross-examine these two witnesses at length during the deposition, and had the opportunity to ask about duration of their observation, the experience upon which their conclusions are based, and any other bases for their conclusions. (Indeed, the Defendants have provided excerpts of these depositions wherein they asked such questions of the witnesses. Doc. 38-3; Doc. 41-1). Further, this Court has faith in the abilities of Defendants' counsel to suggest appropriate jury instructions, and to point out in closing argument any perceived flaws in the testimony of these two witnesses, including the above-mentioned distractions, length of time of the observations, and lack of experience upon which to base their conclusions. In addition, as stated supra, an opinion witness may give his opinion which "embraces an ultimate issue to be decided by the trier of fact" under Fed. R. Evid. 704, and the weight of this opinion is for a trier of fact to determine.

## VII. CONCLUSION

The Court concludes that the videotaped depositions of lay witnesses Kirk Seifert and Sewall Harris meet the standards for lay witness opinion testimony and that therefore they may be used to assist the jury in understanding the unfolding of the accident, the events surrounding it, and issues of negligent driving, as proposed by the Plaintiff.

Defendants' Motions in Limine (Docs. 38 and 40) are **DENIED**. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| KEITH HOUSTON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | NO. 3:2009-cv-190 |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| ROBERT SMITH and/or | ) | |
| MARTEN TRANSPORT, LTD, | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER

**AND NOW**, this 4th day of November, 2010, this matter coming before the Court on Defendants' two motions *in limine*, the "Motion in Limine To Preclude Lay Witness Opinion or Testimony of Sewall Harris Concerning the Speed of the Marten Vehicle or that the Marten Vehicle was Traveling too Fast for Conditions" (Doc. 40) and the "Motion in Limine To Preclude Lay Witness Kirk Seifert From Offering Any Conjecture Testimony Concerning The Speed At Which Defendants' Vehicle Was Traveling At Any Time Prior to Impact" (Doc. 38), **IT IS HEREBY ORDERED** that the Defendants' Motions are **DENIED**.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

cc: All counsel of record