IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| KEITH HOUSTON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | NO. 3:2009-cv-190 |
| v. | ) ) | JUDGE KIM R. GIBSON |
| ROBERT SMITH and/or MARTEN TRANSPORT, LTD, | ) ) ) ) | |
| Defendant(s). | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

**GIBSON, J.**

### I. SYNOPSIS

This matter comes before the Court on Defendants' "Motion in Limine to Preclude Portions of Testimony of Brooks Rugemer" (the "Motion in Limine") (Doc. 42). The Plaintiff, Keith Houston, opposes the Motion in Limine. Doc. 67. For the reasons that follow, the Motion in Limine is **DENIED**.

### II. BACKGROUND

This case arises from a motor vehicle accident which occurred on the morning of February 27, 2008, on Interstate 80 in Lawrence Township, Clearfield County, Pennsylvania. Doc. 1 at 11. Plaintiff's vehicle allegedly had become disabled in the left eastbound lane of Interstate 80 (Doc. 1 at 11), where it was stopped at the time of the accident, and Plaintiff was standing nearby his vehicle. Doc. 1 at 12. Defendant Smith was driving a tractor trailer in the course of his employment with Defendant Marten Transport, Ltd. ("Marten") and allegedly struck the Plaintiff's stopped vehicle, which in turn struck Plaintiff. Doc. 1 at 12. Plaintiff claims several "serious and permanent injuries",

as well as loss of income, medical and vehicular expenses, physical and mental anguish and suffering, and other damages. Doc. 1 at 13-14.

## III. PROCEDURAL HISTORY

Plaintiff filed an action against Defendants in the Court of Common Pleas of Clearfield County, Pennsylvania, on or about June 5, 2009. Doc. 1 at 1. Defendants removed the action to this Court on July 10, 2009. Defendants have filed several motions *in limine*, one of which is the instant Motion in Limine. Doc. 42. Defendants seek to preclude introduction of a report by Plaintiff's proposed expert witness Brooks Rugemer (the "Rugemer Report") and "portions of" his testimony. Doc. 42.

## IV. JURISDICTION AND VENUE

The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Venue is proper because the Plaintiff resides in Armstrong County in the Commonwealth of Pennsylvania, the accident that is the basis of the claim occurred in Lawrence Township, Clearfield County, Pennsylvania, and the original case was filed in the Court of Common Pleas of Clearfield County, Pennsylvania.

## V. STANDARD OF REVIEW

### A.     Relevant Evidence and Admissible Evidence

Under the Federal Rules of Evidence, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." USCS Fed Rules Evid R 401. Further, Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible", however, "[e]vidence which is not relevant is not admissible." USCS Fed Rules Evid R 402. See also *Toledo Mack Sales & Serv. v. Mack Trucks, Inc.*, 2010 U.S. App. LEXIS 13827 (3d Cir. 2010).

B.  **Expert Testimony**

As this Court has previously stated, "Federal district judges serve as gatekeepers of expert testimony, assessing the qualifications of expert witnesses, and determining whether proposed testimony will aid the trier of fact." *Hayduk v. City of Johnstown*, 2009 U.S. Dist. LEXIS 107455 at *4-5; citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

Rule 702 of the Federal Rules of Civil Procedure governs the admissibility of testimony by experts:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

USCS Fed Rules Evid R 702.

As the Third Circuit has explained, and this Court has previously reiterated:

> Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit. [*internal citations omitted*]. Qualification refers to the requirement that the witness possess specialized expertise. We have interpreted this requirement liberally, holding that 'a broad range of knowledge, skills, and training qualify an expert.' [*internal citations omitted*]. Secondly, the testimony must be reliable; it 'must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his [or] her belief . . . Finally, Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact.

*Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003); cited and quoted by *Hayduk* at *5.

   i.   **Prong 1 - Qualifications of the Expert Under Rule 702**

As to the first prong, this Court has previously noted that "Rule 702 obviously embraces a wide

3

variety of experts, including, for instance, those with practical experience but no formal training." *Hayduk* at *7. Further, "Rule 702's policy of admissibility is a liberal one [*internal citations omitted*] . . . Moreover, 'it is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate.'" *David v. Black & Decker (US), Inc.*, 629 F. Supp. 2d 511, 515 (W.D. Pa. 2009); citing *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008); in turn citing *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997); also quoting *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782 (3d Cir. 1996)).

Further, "the Court of Appeals for the Third Circuit has 'eschewed imposing overly rigorous requirements of expertise and [has] been satisfied with more general qualifications.' [*internal citations omitted*]. Rule 702's liberal policy of admissibility extends to the substantive as well as the formal qualifications of experts.' [*internal citations omitted*]. Thus, an expert can qualify based on a broad range of knowledge, skills, training and experience." *Totty v. The Chubb Corporation, et al.*, 2007 U.S. Dist. LEXIS 3330, *3-4 (W.D. Pa. 2007).

### ii. Prong 2 – Reliability of Evidence Under Rule 702

The second element of Federal Rule of Evidence 702 is reliability of evidence. In applying this prong the Court must look at methods and procedures to make sure that the basis for the expert's opinion is not "'subjective belief or unsupported speculation'". *Totty v. The Chubb Corporation, et al.*, 2007 U.S. Dist. LEXIS 3330, *4 (W.D. Pa. 2007); quoting *In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717, 741 (3d Cir. 1994).

Many factors have been suggested as possible indicators of reliability, including whether or not:

- The theory or technique can be tested;

4

- The theory or technique has been peer reviewed;
- There is a high rate of known or potential error;
- There are standards of control;
- The theory is generally accepted;
- There is a sufficient relationship between the technique and methods which have been established to be reliable;
- The expert's qualifications are sufficient;
- The method has been used for non-judicial purposes;
- The proposed testimony grows naturally and directly out of research conducted independent of the litigation;
- The expert has exhibited a leap of logic by "unjustifiably extrapolat[ing] from the accepted premise to an unfounded conclusion."
- The expert has adequately accounted for alternative explanations;
- The level of care used in testifying is the same as that used in the expert's outside work;
- The field of expertise is known to reach reliable results for the type of opinion proferred by the expert.

*Totty* at *5; citing and quoting *Magistrini v. One Hour Martinizing Dry Cleaning*, 180 F. Supp. 2d 584, 594 (D.N.J. 2002); aff'd 68 F. App'x 356 (3d Cir. 2003); also citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 199 S. Ct. 1167, 1171, 143 L. Ed. 2d 238, 246 (1999); in turn citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993).

However, it is important to note that this list of factors is *flexible*, and courts have held that *not all of the factors apply to all of the cases or experts*. See *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 199 S. Ct. 1167, 1171, 143 L. Ed. 2d 238, 246 (1999) ("a trial court may consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case."); see also *Totty* at *5. Indeed, "the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire* at *141; citing *General Electric Co. v. Joiner*, 522 U.S. 136, 143, 139 L. Ed. 2d 508, 118 S. Ct. 512 (1997).

In evaluating the second element of Federal Rule of Evidence 702 *vis à vis* experts with practical experience, the Third Circuit has held that:

> we measure the reliability or trustworthiness of the expert's testimony. [*internal citations omitted*]. However, the "specialized" knowledge upon which [the expert]'s testimony is founded is not the same as "scientific" and "technical" knowledge, as these terms are used in the disjunctive in Rule 702. To be "specialized," *knowledge can be based on sufficient practical or work experience in the field about which the witness is testifying, and it need not be based on testing or experiments beyond common understanding.* [*internal citations omitted*]. *Therefore, we need only ask whether [nonmovant] has shown that [the expert]'s testimony would be reliable or trustworthy in light of [the expert]'s practical background and training.*

(emphasis added). *Lauria v. AMTRAK*, 145 F.3d 593, 599 (3d Cir. 1998); citing *United States v. Velasquez*, 33 V.I. 265, 64 F.3d 844, 849 (3d Cir. 1995); also citing Fed. R. Evid. 702, advisory committee's note; also citing *Habecker v. Copperloy Corp.*, 893 F.2d 49, 51-52 (3d Cir. 1990). In addition, the District Court should not preclude the expert's testimony simply because it would have reached a different conclusion – provided there are good grounds for the expert's conclusion. See also *Magistrini v. One Hour Martinizing Dry Cleaning et al.*, 68 Fed. Appx. 356 at *2 ("the District Court should admit expert testimony 'if there are 'good grounds' for the expert's conclusion' notwithstanding the judge's belief that there are better grounds for some alternative conclusion."); citing *Heller v. Shaw*, 167 F.3d 146, 152-53 (3d Cir. 1999).

### iii. Prong 3 - Fit or Relevance Under Rule 702

As to the third element of Federal Rule of Evidence 702, whether the expert's testimony will assist a trier of fact, the Third Circuit has applied the Supreme Court's precedent that "'this condition goes primarily to relevance.'" *Lauria v. AMTRAK*, 145 F.3d 593, 599 (3d Cir. 1998); citing and quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993). In other words, "[t]here must be a valid connection between the expertise in question and the inquiry

6

being made in the case." *United States v. Velasquez*, 64 F.3d 844, 850 (3d Cir. 1995). Further, the Third Circuit has held that "the standard for this factor 'is not that high.'" *Lauria* at 600; citing and quoting *In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717, 745 (3d Cir. 1994).

C.   **Evidence Which is Unfairly Prejudicial Shall Not be Admitted**

Under Federal Rules of Evidence, Rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Accordingly, as the Third Circuit has summarized, "'otherwise relevant and admissible evidence may only be excluded if the probative value of the evidence is substantially outweighed by its prejudicial effect.'" *U.S. v. Universal Rehabilitation Services (PA), Inc.*, 205 F.3d 657, 664 (3d Cir. 2000); quoted by *Chatman v. City of Johnstown*, 2005 U.S. Dist. LEXIS 27631, *16 (W.D. Pa. 2005).

In addition, Federal Rules of Evidence, Rule 703 considers the bases of opinion testimony by experts in light of potential unfair prejudice, and states:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

USCS Fed Rules Evid R 703.

## VI. DISCUSSION –ARGUMENTS AGAINST AND FOR PRECLUSION OF RUGEMER'S REPORT

Defendants seek to preclude introduction of a report by Plaintiff's proposed expert witness

7

Brooks Rugemer (the "Rugemer Report") and "portions of" his testimony (although it is not clear which portions are *not* contested). Doc. 42. In sum, Defendants argue that Mr. Rugemer is not a qualified expert, and that his testimony is not reliable and is not a good fit in this case. Doc. 42.

### i. Prong 1 - Qualifications of the Expert Under Rule 702

Defendants argue that Mr. Rugemer is not qualified as an expert to testify, and point out various claimed deficiencies in Mr. Rugemer's expertise: Defendants claim that Mr. Rugemer "is not a fatigue expert", has no medical training regarding fatigue, "physiology, psychology, human factors of conspicuity" and therefore is not qualified to testify as to the possible contribution that fatigue played in this accident. Doc. 42 at 3, 6. Plaintiff argues that Mr. Rugemer is qualified to testify as to fatigue and practices related to trucking log books due to his practical experience as a trucker, trainer and a manager of safety in the trucking industry, and of trucking fleets generally. Doc. 67 at 2.

Defendants also argue that because Mr. Rugemer does not have a medical background, he therefore is not qualified to draw the conclusion that he does that "[Mr.] Smith's driving was negligent, dangerous, and improper in a manner that caused [Mr.] Houston's injuries." Doc. 42 at 4. Plaintiff contends that Mr. Rugemer is not going to testify as to medical issues, but will testify regarding his conclusions as to Mr. Smith's alleged negligence.

Contrary to Defendant's assertions, it is not necessary for Mr. Rugemer to have a medical degree to testify as to the issues upon which he intends to offer his opinion. In addition, this Court concludes that Mr. Rugemer's years of practical experience in the trucking industry in the areas of training, teaching, driving and managing, render him qualified to testify as to common log book practices and issues of fatigue in the industry, and to give his opinion in the case in question regarding causation and negligence. As we have repeatedly stressed, Defendants will have the opportunity at trial to challenge Mr. Rugemer's qualifications before the jury, and to cross-examine Mr. Rugemer.

Ultimately, Mr. Rugemer's credibility is an issue for a trier of fact.

### ii. Prong 2 – Reliability of Evidence Under Rule 702

Defendants argue that "Mr. Rugemer's conclusions regarding fatigue and the reasons that drivers falsify logs are unreliable because they lack a sufficient factual foundation." The crux of this argument is that the locations of Mr. Smith's tractor trailer, which were recorded by the satellite positioning system, Qualcomm, are not accurate because the system itself is unreliable. See Doc. 56. With regard to this issue the Court refers to a prior order on Defendants' Motion in Limine to Preclude Evidence of Qualcomm, Satellite Positioning or Tractor Movement Data. See Docket. See also Doc. 56.

Defendants also argue that there is no causal relationship established between alleged logbook falsifications, hours driven, fatigue and negligence in this case. Doc. 42 at 2-3.[1] Defendants also argue that since Plaintiff has not produced any witnesses who will testify that Mr. Smith was fatigued at the time of the accident, and since Mr. Rugemer did not "conduc[t] any sleep studies and has no medical training that would qualify him to perform or review any medical or psychological testing of Mr. Smith" that any testimony he would give regarding fatigue is unreliable. Doc. 42 at 6. We find that Mr. Rugemer's "testimony would be reliable or trustworthy in light of [his] practical background and training." See Lauria, supra, at 599. Again, Defendants will have the opportunity to challenge Mr. Rugemer's conclusions regarding the likelihood of fatigue in the instant case, and/or the prevalence of fatigue on an industry-wide basis.

### iii. Prong 3 - Fit or Relevance Under Rule 702

Defendants further argue that Mr. Rugemer's Report is not relevant because he does not have

---

[1] In addition to asserting that causal link has not been established, Defendants argue that Mr. Smith was in fact *not* fatigued at the time of the accident, and cite the deposition of Trooper Fenton. The Court notes that it will not determine whether or not Mr. Smith was fatigued in an *in limine* order – this is strictly an issue for a trier of fact, and Defendants may present their rebuttal arguments at trial.

9

any knowledge greater than the average layman, and therefore his testimony will not assist a trier of fact in determining any issue or fact that is of consequence to the outcome of this action. Doc. 42 at 2, 4-5. In particular, Defendants argue that Mr. Rugemer does not possess any skill or knowledge greater than that of an average layman regarding Mr. Houston's injuries, fatigue, negligence or causation. Doc. 43 at 2.

As stated supra, Mr. Rugemer has years of experience in the trucking industry in the areas of driving, management of fleets, management of safety, and training. As such, Mr. Rugemer's knowledge is clearly greater than the average layman, and will be of assistance to a trier of fact in determining the issues of duty of care, speed and/or negligence, all of which are at the core of this case. In addition, the case before us arises from a vehicular accident involving a tractor trailer driven by Defendant Smith, and negligence in Mr. Smith's operation of this vehicle has been alleged; Mr. Rugemer's testimony, based on his experience in the trucking industry, is therefore highly relevant. Lastly, contrary to Defendants' arguments, Plaintiff asserts that Mr. Rugemer will *not* be testifying as to diagnoses or medical matters. Doc. 67 at 2. Doc. 42 at 5-6. Therefore, Mr. Rugemer's testimony is a good "fit" and is relevant to the case at hand.

### iv. Defendants' Argument that Mr. Rugemer's Report is Prejudicial in Violation of Federal Rule of Evidence 403

Defendants also argue that Mr. Rugemer's opinions as to alleged logbook violations, contained in his report, should be precluded from evidence as they are highly prejudicial. Doc. 42 at 3. Plaintiff responds that Mr. Rugemer's years of experience in the trucking industry render him qualified to testify as to the underlying purpose or rationale behind keeping log books, common practices regarding log books and their manipulation, and related issues of fatigue that are a known risk factor and are common in the industry. Doc. 67 at 2. Again, the Court notes that the Defendant is free to cross

examine Mr. Rugemer and to argue that Mr. Rugemer's conclusions as to falsification of log records are incorrect. Defendants may also question their own witnesses (for instance, Mr. Smith) in regards to this issue and thus provide a rebuttal. Further, this Court concludes that the probative value of Mr. Rugemer's testimony and report are not "substantially outweighed by [their] prejudicial effect." See *Universal Rehabilitation Services*, supra, at 664.

## VII. CONCLUSION

The "Motion in Limine to Preclude Portions of Testimony of Brooks Rugemer" (the "Motion in Limine") (Doc. 42) is **DENIED**. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH HOUSTON, | ) |
| | ) |
| Plaintiff, | ) NO. 3:2009-cv-190 |
| v. | ) JUDGE KIM R. GIBSON |
| | ) |
| ROBERT SMITH and/or | ) |
| MARTEN TRANSPORT, LTD, | ) |
| | ) |
| Defendant(s). | ) |

## ORDER

**AND NOW**, this 5th day of November, 2010, this matter coming before the Court on Defendants' "Motion in Limine to Preclude Portions of Testimony of Brooks Rugemer" (the "Motion in Limine") (Doc. 42), **IT IS HEREBY ORDERED** that the Defendants' Motion is **DENIED**.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**

cc: All counsel of record