IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| KEITH HOUSTON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | NO. 3:2009-cv-190 |
| v. | ) | JUDGE KIM R. GIBSON |
|  | ) |  |
| ROBERT SMITH and/or | ) |  |
| MARTEN TRANSPORT, LTD, | ) |  |
|  | ) |  |
| Defendant(s). | ) |  |

## MEMORANDUM OPINION AND ORDER OF COURT

GIBSON, J.

### I. SYNOPSIS

This matter comes before the Court on Defendants' "Motion in Limine to Preclude Evidence of Qualcomm, Satellite Positioning or Tractor Movement Data" (the "Motion in Limine") (Doc. 56). The Plaintiff, Keith Houston, opposes the Motion in Limine. Doc. 72. For the reasons that follow, the Motion in Limine is **DENIED**.

### II. BACKGROUND

This case arises from a motor vehicle accident which occurred on the morning of February 27, 2008, on Interstate 80 in Lawrence Township, Clearfield County, Pennsylvania. Doc. 1 at 11. Plaintiff's vehicle allegedly had become disabled in the left eastbound lane of Interstate 80 (Doc. 1 at 11), where it was stopped at the time of the accident, and Plaintiff was standing nearby his vehicle. Doc. 1 at 12. Defendant Smith was driving a tractor trailer in the course of his employment with Defendant Marten Transport, Ltd. ("Marten") and allegedly struck the Plaintiff's stopped vehicle, which in turn struck Plaintiff. Doc. 1 at 12. Plaintiff claims several "serious and permanent injuries",

as well as loss of income, medical and vehicular expenses, physical and mental anguish and suffering, and other damages. Doc. 1 at 13-14.

### III. PROCEDURAL HISTORY

Plaintiff filed an action against Defendants in the Court of Common Pleas of Clearfield County, Pennsylvania, on or about June 5, 2009. Doc. 1 at 1. Defendants removed the action to this Court on July 10, 2009. Defendants have filed several motions *in limine*, one of which is the instant Motion in Limine, whereby Defendants seek to preclude introduction of any documentation, testimony or evidence relating to satellite-generated information ("satellite data"). Doc. 56 at 1.

### IV. JURISDICTION AND VENUE

The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Venue is proper because the Plaintiff resides in Armstrong County in the Commonwealth of Pennsylvania, the accident that is the basis of the claim occurred in Lawrence Township, Clearfield County, Pennsylvania, and the original case was filed in the Court of Common Pleas of Clearfield County, Pennsylvania.

### V. STANDARD OF REVIEW

**A.  Relevant Evidence and Admissible Evidence**

Under the Federal Rules of Evidence, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." USCS Fed Rules Evid R 401. Further, Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible", however, "[e]vidence which is not relevant is not admissible." USCS Fed Rules Evid R 402. See also *Toledo Mack Sales & Serv. v. Mack Trucks, Inc.*, 2010 U.S. App. LEXIS 13827 (3d Cir. 2010).

## B. Hearsay

Under the Federal Rules of Evidence, hearsay is not admissible at trial. See USCS Fed Rules Evid R 802 ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.").

What constitutes Hearsay and related terms is outlined in Federal Rule of Evidence 801:

> (a) Statement. A "statement" is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.
> (b) Declarant. A "declarant" is a person who makes a statement.
> (c) Hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

USCS Fed Rules Evid R 801.

Federal Rule of Evidence 803 lists exceptions to the hearsay rule (even where the declarant is available as a witness). These include, in relevant part,

> (6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
> (7) Absence of entry in records kept in accordance with the provisions of paragraph (6). Evidence that a matter is not included in the memoranda reports, records, or data compilations, in any form, kept in accordance with the provisions of paragraph (6), to prove the nonoccurrence or nonexistence of the matter, if the matter was of a kind of which a memorandum, report, record, or data compilation was regularly made and preserved, unless the sources of information or other circumstances indicate lack of trustworthiness.

USCS Fed Rules Evid R 803.

As stated by another court in this District, "[f]or rule 803(6) to be satisfied, the purported business record must be based on 'information transmitted by a person with knowledge' [*internal citations omitted*]. The knowledge requirement means that the informant whose data is embodied in the business record must have personally perceived the matter that is the subject of the record. [*internal citations omitted*]. However, *the recorder need not have firsthand knowledge.*" 2009 U.S. Dist. LEXIS 88069, *7 (M.D. Pa. 2009) (emphasis added); citing 1-16 *Weinstein's Evidence Manual* § 16.07[2][e].[1]

### C. Authentication/Identification of Evidence Under the Federal Rules

Under Federal Rules of Evidence, "evidence sufficient to support a finding that the matter in question is what its proponent claims" will meet the requirement of authentication/identification as a condition precedent for admissibility. USCS Fed Rules Evid R 901(a).

Further, the Federal Rules of Evidence provide *examples* (not to be construed as an exhaustive list) of ways in which evidence might be authenticated/identified:

> (1) Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be.
> (2) Nonexpert opinion on handwriting. Nonexpert opinion as to the genuineness of handwriting, based upon familiarity not acquired for purposes of the litigation.
> (3) Comparison by trier or expert witness. Comparison by the trier of fact or by expert witnesses with specimens which have been authenticated.

---

[1] In addition, Federal Rule of Evidence 807 provides for a Residual Exception:
> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

USCS Fed Rules Evid R 807. However, this Residual Exception has not been argued by either side, and since this Court finds that the evidence in this case falls under the Business Record Exception, the Residual Exception will not be discussed herein.

(4) Distinctive characteristics and the like. Appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.

(5) Voice identification. Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.

(6) Telephone conversations. Telephone conversations, by evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business, if (A) in the case of a person, circumstances, including self-identification, show the person answering to be the one called, or (B) in the case of a business, the call was made to a place of business and the conversation related to business reasonably transacted over the telephone.

(7) Public records or reports. Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

(8) Ancient documents or data compilation. Evidence that a document or data compilation, in any form, (A) is in such condition as to create no suspicion concerning its authenticity, (B) was in a place where it, if authentic, would likely be, and (C) has been in existence 20 years or more at the time it is offered.

(9) Process or system. Evidence describing a process or system used to produce a result and showing that the process or system produces an accurate result.

(10) Methods provided by statute or rule. Any method of authentication or identification provided by Act of Congress or by other rules prescribed by the Supreme Court pursuant to statutory authority.

USCS Fed Rules Evid R 901(b).

**D.     Evidence Which is Unfairly Prejudicial Shall Not be Admitted**

Under Federal Rules of Evidence, Rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Accordingly, as the Third Circuit has summarized, "'otherwise relevant and admissible evidence may only be excluded if the probative value of the evidence is substantially outweighed by its prejudicial effect.'" *U.S. v. Universal Rehabilitation Services (PA), Inc.*, 205 F.3d 657, 664 (3d Cir. 2000); quoted by *Chatman v. City of Johnstown*, 2005 U.S. Dist.

## VI. DISCUSSION –ARGUMENTS AGAINST AND FOR PRECLUSION OF EVIDENCE/TESTIMONY RELATED TO SATELLITE DATA

Defendants argue that the Satellite Data in question is hearsay that does not fall under any exceptions to the hearsay rule. Doc. 56 at 2-3. Defendants also argue that Satellite Data should not be admitted into evidence until there has been an authentication of the system and processes used to produce this data, and a showing that these processes/systems are "accurate and reliable." Doc. 56 at 3.

### A. Hearsay

Defendants argue that the Satellite Data is hearsay, because it is being offered for the truth of the matter asserted therein (Doc. 57 at 2), and further argue that it does not fall within the hearsay exception for "records of regularly conducted activities made by a person with knowledge." Doc. 56 at 2-3.

Regarding this second issue of personal knowledge, Defendants argue that the Satellite Data does not fall under the Business Record Exception because Defendant Marten Transport, Ltd. does not independently/personally collect the satellite tracking data. Doc. 57 at 2. Defendants describe the process as follows:

> The satellite positioning or tractor movement data is generated by a computer which gathers information from a satellite. That process is completed and the information provided by a private company, Qualcomm. Thereafter, various information that was transmitted by Qualcomm is placed into a database by Marten Transport, Ltd. and the tractor movement report is created.

Doc. 57 at 2.

Therefore, Defendants argue that this Satellite Data does not fall within Business Record Exception (FRE 803(6)) because it was not compiled by an individual at Marten Transport who had

6

personal knowledge of the data, but rather by a computer program which utilizes data from a satellite system, and which is owned and maintained by a third party company. Doc. 57 at 2. However, as noted supra, the recorder/custodian of the information need not have firsthand knowledge. As stated by a sister court within this District, "to meet the business records exception, the relevant data must have been transmitted from the party with personal knowledge all the way to the ultimate recorder within the ordinary course of business." *Allen v. Fletcher* at *9. Here, the entity with personal knowledge, Qualcomm, transmitted the data to Defendant Marten within the ordinary course of business.[2]

There is a dearth of cases which consider satellite data under the Business Record Exception. However, this Court knows of at least two, albeit not controlling, that considered the issue directly and concluded that such data falls under the Business Record Exception. See *Ruise v. State*, 43 So. 3d 885 (Fla. 1st DCA 2010); see also *United States of America v. Wood*, 2009 U.S. Dist. LEXIS 60335 (W.D. NY 2009).

*United States of America v. Wood*, while not controlling, is notable because of its striking similarities to the case at hand. In *Wood*, the admission of satellite data and logs as evidence of the location of the defendant's truck was challenged. 2009 U.S. Dist. LEXIS 60335 (W.D. NY 2009). However, the custodianship by the witness of the satellite data (interestingly, also initially generated by Qualcomm) was more attenuated than in the instant case: in *Wood*, the owner of the company which employed the defendant testified as to the use of GPS tracking data and its reliability; however, this owner's company did not contract directly with Qualcomm for the base data, but rather subcontracted

---

[2] As pointed out in *Allen v. Fletcher*, in contrast, a business record which includes statements from *unknown sources* would not automatically be admissible as a Business Record Exception to the Hearsay Rule. 2009 U.S. Dist. LEXIS 88069 at *9 fn 3; citing *Kennedy v. Norfolk Southern Railway Co.*, 2008 U.S. Dist. LEXIS 29154 (W.D. Pa. 2008). However, in the instant case the sources of the data which make up the business record in question have been identified.

with another trucking company that had contracted with Qualcomm. Nonetheless, the court found that a proper foundation had been laid, noting that "[s]everal other courts have also upheld the admission of records under 803(6) where the custodian did not actually create the record but instead took custody of it and incorporated it into his own business records." *Wood* at *8.

As in the case of *Wood*, we find that Marten Transport, Ltd. "was the custodian of the [Satellite Data] records at issue" and that if its representatives testify that they "obtained custody of these records and relied upon them in the ordinary course of . . . business" (as the deposition records provided indicate), the proper foundation will have been laid, and this evidence falls squarely within the Business Record Exception.

### B. Accuracy/Reliability

Defendants' also argue that the Sattelite Data has not been authenticated under Federal Rule of Evidence 901(b)(9). Doc. 56 at 4. However, as noted supra, Federal Rule of Evidence 901(b) provides *examples* of ways in which evidence might be authenticated/identified, and is not meant to be an exhaustive list. Instead, it is necessary only that the Satellite data has been identified/authenticated by "evidence sufficient to support a finding that the matter in question is what its proponent claims." USCS Fed Rules Evid R 901(a). Plaintiff argues that "the testimony of Defendant's [*sic*] own witnesses . . . will authenticate and demonstrate the reliability of this data [and the] general acceptance of this data in the industry." Doc. 72 at 1-2. This Court is satisfied with this assertion, and with the abilities of Defense counsel to ferret out any lack of reliability which might be indicated by the testimony of their witnesses.[3] As a District Court in Texas stated when admitting testimony on a

---

[3] The Court also notes another case, *United States of America v. Thompson*, where a layperson was permitted to testify as to the functioning of a GPS system. In *Thompson*, the witness worked for a company which sold the devices to consumers, but did not work directly for the satellite company which was responsible for the transmission of the data to the device. 2010 U.S. App. LEXIS 19098,*13-16 (3d Cir. 2010).

Qualcomm satellite data system in another case involving a trucking accident, "[t]o the extent that defendants assert that [the expert]'s testimony is not adequately supported, 'vigorous cross-examination, presentation of contrary evidence . . . are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Librado v. M.S. Carriers, Inc.*, 2004 U.S. Dist. LEXIS 12203 (N.D. Tex. 2004); quoting *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 596, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993).

### C. Relevance

Defendants further argue that there is no causal link between the Satellite Data and the accident, and therefore the Satellite Data is not relevant under FRE 401, "as it is of no consequence to the determination of the action", since it has no tendency to prove or disprove a fact that is of consequence to the outcome of the action. Doc. 56 at 4-5. Doc. 57 at 4. This Court finds that the Satellite Data is relevant to Plaintiff's theories of negligence, and is therefore admissible.

### D. Undue Prejudice

Defendants next argue that even if this Court determines that the Satellite Data *is* relevant, it should nonetheless be excluded because it will be confusing to a jury and thus its probative value is outweighed by its prejudice. Doc. 56 at 5. Specifically, Defendants argue that jurors will conflate and/or confuse the reliability and/or systems/processes involved in the production of the Satellite Data with that of their own private GPS navigation systems, which are frequently utilized by laypersons in their daily activities. Doc. 56 at 5. We do not find this persuasive. Defendants may inquire of witnesses on cross-examination whether the Satellite System in the instant case is the same as navigation devices commonly used by layperson in everyday traffic situations. In addition, Defendants may suggest a jury instruction which will caution the jury not to equate one with the other.

## VII. CONCLUSION

The "Motion in Limine to Preclude Evidence of Qualcomm, Satellite Positioning or Tractor Movement Data" (the "Motion in Limine") (Doc. 56) is **DENIED**. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH HOUSTON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:2009-cv-190 |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| ROBERT SMITH and/or | ) | |
| MARTEN TRANSPORT, LTD, | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER

AND NOW, this 5th day of November, 2010, this matter coming before the Court on Defendants' "Motion in Limine to Preclude Evidence of Qualcomm, Satellite Positioning or Tractor Movement Data" (the "Motion in Limine") (Doc. 56), **IT IS HEREBY ORDERED** that the Defendants' Motion is **DENIED**.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**

cc: All counsel of record

11